# Exhibit B



Armor Correctional Health Services, Inc.
4960 SW 72nd Ave, Suite 400
Miami, Florida 33155
Tel: 305-662-8522
Fax: 305-662-8039

August 2, 2019

Scott King
Chief Legal Officer
Corizon Health
103 Powell Court
Brentwood, TN 37027

*Via email scott.king@corizonhealth.com*
*Facsimile at 615-329-6705 and UPS Overnite*

RE: *Ongoing Obligations of Bruce Teal to Armor Correctional Health Services, Inc.*

Dear Mr. King:

On behalf of Armor Correctional Health Services, Inc. ("Armor"), I am responding to your letter issued by Corizon Health ("Corizon") on behalf of Bruce Teal ("Mr. Teal"). With Corizon's decision to speak for Mr. Teal, please understand that Corizon accordingly is representing that it has authorized and/or ratified Mr. Teal's conduct on behalf of Corizon, including, without limitation, any conduct of Mr. Teal since Mr. Teal has joined Corizon. With that context in mind, Armor categorically disagrees with your positions asserted on behalf of Corizon and Mr. Teal except as expressly acknowledged below.

First, Armor agrees that Mr. Teal did not enter into any post-employment restrictive covenants that, standing alone, limit Mr. Teal's ability to be employed by a competitor of Armor, like Corizon. Second, Armor agrees that any information that is in the public domain through no unlawful conduct attributable, directly or indirectly, to Mr. Teal would not be protected by any applicable trade secret law or Mr. Teal's obligations to preserve Armor's confidential information. Subject to these areas of agreement, Corizon's positions ignore Mr. Teal's clear obligations to Armor under, *e.g.*, federal and state trade secret law, his ongoing fiduciary obligations to Armor, and other applicable laws addressing various facets of unfair competition.

Starting with Mr. Teal's ongoing fiduciary obligations, and notwithstanding the assertions raised by Corizon, Mr. Teal may not appropriate, whether for Corizon or anyone else, any corporate opportunity that is within the scope of Armor's business and in which Armor had or may have an interest or expectancy. The fact that Mr. Teal is not employed by Armor does not, in any way alter, his obligations to refrain from pursuing any such opportunities on behalf of Corizon or on his own behalf. In fact, the only

corporate opportunities of Armor's that Mr. Teal may pursue on behalf of Corizon are opportunities to which Armor has consented following the full disclosure of all relevant facts regarding such opportunities. Armor is aware of no such consent, understanding that Armor permitted Mr. Teal to be involved in certain discussions regarding a possible transaction.

In the same vein, merely because Mr. Teal is no longer employed by Armor (in an admitted fiduciary capacity) does not mean that he can use information confidential to Armor's business such as confidential pricing strategies. Mr. Teal's obligations, as a former fiduciary, to protect Armor's confidential information, are ongoing, in addition to the protections otherwise afforded to Armor under the Defend Trade Secrets Act and applicable state trade secrets law.

The fact that Corizon would have Mr. Teal actively participate in a request-for-proposal for a contract with Brevard County when Armor had a longstanding contractual relationship with Brevard County is very concerning to say the least. In this regard, Armor's relationship with Brevard County dated back to 2005, and Armor's most recent contract with Brevard County was set to expire in September 2020. Yet, with Mr. Teal's decision to join Corizon (and with Mr. Teal being integral, in his former role as Armor's Chief Executive Officer and head of Business Development, in developing the pricing and other business strategies for Brevard County), Armor's contract was terminated early and placed for competitive bid. While Armor's investigation of these facts is ongoing, Armor is very concerned with Mr. Teal's apparent usurpation of this corporate opportunity for Corizon, which inevitably involved the associated use of Armor's confidential and trade secret information. In turn, these events implicate Corizon's related obligations to not tortiously interfere with Armor's business relationships, and not to take advantage of and/or aid and abet Mr. Teal's breaches of his fiduciary and other obligations owed to Armor.

In addition to the foregoing breaches, Mr. Teal may not otherwise engage in acts of unfair competition by, *e.g.*, making false and misleading statements regarding Armor's business to its valuable customers and employees. In this regard, Armor understands that Mr. Teal has made false and defamatory comments to Armor's valuable business partners, going so far as to state that Armor's payment practices to providers is illegal (which is untrue). Mr. Teal also has been disparaging Armor's financial position in the marketplace. Clearly, these statements are being made to disrupt Armor's business relationships to Corizon's benefit.

With these parameters in mind, Corizon's statement that Mr. Teal has complied with his legal obligations owed to Armor rings hollow. Indeed, based on Armor's investigation to date, which is ongoing, it appears that Mr. Teal has had no appreciation for his ongoing fiduciary and other legal obligations owed to Armor. Accordingly, Armor requests, in writing by no later than August 8, 2019 the following assurances from both Corizon and Mr. Teal:

1. That Mr. Teal does not, directly or indirectly, possess any property belonging to Armor, whether in hard copy or electronic form, and has not otherwise retained any copies of any such information on any form of storage medium[1];

2. That Mr. Teal has not, directly or indirectly, shared any information relating to Armor, including sharing any information electronically, with Corizon;

3. That Corizon has not incorporated any Armor-related information provided by or on behalf of Mr. Teal into its computer systems;

4. That both Mr. Teal and Corizon shall not use any confidential or trade secret information belonging to Armor;

5. That Mr. Teal shall immediately withdraw, in all capacities from any pursuit of any corporate opportunity belonging to Armor, whether on behalf of Corizon or otherwise;

6. That Corizon shall not utilize Mr. Teal, in any capacity, in the pursuit of any business opportunity in which Mr. Teal was involved on Armor's behalf (and thus would be a corporate opportunity belonging to Armor); and

7. That Mr. Teal will immediately cease and desist from making any false and/or disparaging comments regarding Armor to any actual or potential client, employee or other business partner.

In issuing the foregoing request for written assurances from Mr. Teal and Corizon, Armor does not in any way waive and shall not be estopped from pursuing any form of legal and/or equitable relief to address the concerns generally set forth herein. Instead, all such rights are expressly reserved.

Given the potential for litigation, Armor demands that Corizon and Mr. Teal each institute an immediate litigation hold to preserve all documents and evidence in any way related to any of the following:

1. Corizon's recruitment of Mr. Teal, regardless of who initiated the recruitment process;

2. The terms and conditions of Mr. Teal's employment or consultancy with Corizon;

3. Mr. Teal's activities on behalf of Corizon regardless of whether before or after his employment with Corizon actually commenced;

---

[1] Notwithstanding the foregoing, Mr. Teal may retain information regarding the compensation and benefits provided to him by Armor.

4. Corizon's efforts to do business with Brevard County and any other present or former Armor client, including, without limitation, all aspects of the Brevard County RFP;

5. Armor's business relationship with Brevard County and any other Armor client; and

6. Any internal or external communications regarding any of the foregoing topics.

Please understand that the foregoing preservation demand is non-exhaustive and is based only upon the information currently known to Armor. Accordingly, this list of topics set forth above should be evaluated for expansion (but not retraction) and implemented by all custodians of any documents that fall within the scope of any aspect of this preservation demand.

Furthermore, this litigation hold specifically applies to documents and evidence that presently exist and documents and evidence that are developed from this point forward and until this dispute is finally concluded. This litigation hold applies to all forms of documents and evidence and particularly documents and evidence stored electronically on any form of storage medium. With respect to this preservation request, please understand that, among other things, Corizon and Mr. Teal (individually) must suspend any normal document deletion practices, may not delete any electronic evidence of any kind, and must preserve an exact copy of all hard drives used by any person with knowledge of any of the above-referenced matters. Please also understand that if Corizon or Mr. Teal fails to preserve such evidence upon receipt of this preservation request, Armor reserves the right to seek all sanctions available under operative law that in any way relate to the spoliation of evidence.

If you have questions regarding Armor's position in the interim, you may reach me directly at 404-550-4862.

Best regards,

Santhia Curtis
General Counsel

cc: Otto Campo