UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:20-cv-24091-BLOOM/BECERRA

CORIZON HEALTH, INC.,

    Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH
SERVICES, INC.,

    Defendant.

_____/

**JOINT MOTION FOR STAY PENDING ORDER ON SUMMARY JUDGMENT
RULINGS OR, IN THE ALTERNATIVE, MOTION FOR STATUS CONFERENCE**

    Plaintiff, Corizon Health Inc., and Defendant, Armor Correctional Health Services, Inc. ("Armor"), (collectively, the "Parties") jointly request that the Court stay all proceedings and vacate all outstanding deadlines pending the Court's ruling on the outstanding summary judgment motions in the related case, *Armor Correctional Health Services, Inc. v. Bruce Teal*, Case No. 1:19-cv-24656-BLOOM/BECERRA ("Armor-Teal Case"). *See* Armor-Teal Case D.E. 57 and D.E. 83. In the alternative, the Parties request a status conference to discuss the existing trial date and deadlines, and impact of the Armor-Teal Case on this case with the Court. As grounds for this motion, the Parties state as follows:

    1.    "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "It is [also] well-established that a district court has the authority to stay proceedings on its own motion or on motion of the parties." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011).

    2.    Here, the Parties respectfully submit that there is good cause for modifying the scheduling order.

    3.    Here, Armor and Bruce Teal submitted cross-motions for summary judgment in the related Armor-Teal Case, with Armor's motion filed on March 16, 2021 (Armor-Teal Case D.E. 57) and Bruce Teal's motion filed on May 3, 2021 (Armor-Teal Case D.E. 83). These motions

were heard on July 16, 2021, but have not yet been ruled upon. Teal's motion requests summary judgment on all ten counts of the Complaint in that matter. *See* Armor-Teal Case D.E. 83.

4. Each summary judgment motion in the Armor-Teal Case has the potential to substantially narrow, or eliminate, issues for discovery and trial in this case, as there is substantial overlap in the facts and legal issues in the two cases. *See* D.E. 30. Indeed, that overlap is the very reason this case was transferred to this Court. *See* D.E. 25. Upon transfer to this Court, both Parties agreed that the schedule of the Armor-Teal Case should affect this one. Corizon proposed consolidation (which was denied). *See* D.E. 41 at 3. Armor explained that "resolution of the Teal Action may necessarily dispose of all or some claims in this action," so Corizon proposed that "the filing of dispositive motions in this action occur after resolution of the Teal Action." *See* D.E. 41 at 3. The scheduling order indeed sequenced this case's deadlines to occur after the Armor-Teal Case. *See* D.E. 47 at 2. Thus, after transfer and denial of consolidation, it was always the intention of the Parties and Court to have the deadlines in this case sequenced such that the Armor-Teal Case could narrow the issues before the Court. For that to be effective, the Armor-Teal Case dispositive motions need to be resolved before discovery closes and before the motion deadline in this matter.

5. There are discovery deadlines rapidly approaching in this case. The Parties must disclose experts and exchange expert witness summaries or reports by November 30, 2021, exchange rebuttal expert witness summaries or reports by December 14, 2021, and complete all discovery by December 28, 2021. *See* D.E. 73. As a result, the Parties expect to shortly incur substantial attorneys' fees in completing discovery. The need for additional discovery in that matter may be significantly narrowed or eliminated depending on the Court's ruling on the summary judgment motions in the Armor-Teal Case.

6. The motion deadline of January 19, 2022 is also rapidly approaching in this case. *See* D.E. 73. As shown above, the Parties contemplated filing dispositive motions in this case after the resolution of the Armor-Teal Case or, at least, resolution of the dispositive motions in that case, to avoid unnecessary overlap and waste of judicial and party resources. Because the current motion deadline is in the middle of the two-week trial docket for the Armor-Teal Case, so the Parties would be required to complete their motions earlier than the deadline.

Accordingly, it is in the interest of judicial economy and efficiency to postpone all deadlines in this matter until the Court issues orders on the pending cross-motions for summary

judgment. In the alternative, the Parties respectfully request a telephonic status conference with the Court to discuss the schedule of these related cases.

Dated: November 1, 2021

Respectfully submitted,

/s/ Jennifer Olmedo-Rodriguez
Russell B. Morgan (admitted *pro hac vice*)
rmorgan@bradley.com
Kimberly M. Ingram (admitted *pro hac vice*)
kingram@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division St, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2311
Facsimile: (615) 252-6311

Jennifer Olmedo-Rodriguez
Fla. Bar No.: 605158
jennifer.olmedo-rodriguez@bipc.com
Daniel R. Lazaro
Fla. Bar No.: 99021
dan.lazaro@bipc.com
Buchanan Ingersoll & Rooney PC
One Biscayne Tower
2 S Biscayne Blvd Ste 1500
Miami, FL 33131-1822
Telephone: (305) 347-4080
Facsimile: (305) 347-4089

*Attorneys for Plaintiff Corizon Health Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

>Aleksas A. Barauskas
>Melanie Collette Kalmanson
>Akerman LLP
>50 North Laura Street, Suite 3100
>Jacksonville, FL 32202
>Aleksas.barauskas@akerman.com
>melanie.kalmanson@akerman.com
>*Attorneys for Defendant*

>*/s/ Jennifer Olmedo-Rodriguez*
>BUCHANAN INGERSOLL & ROONEY PC

4853-5783-5265, v. 1